IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.                                                    NO. 3:25-CR-00187-GHD-RP

JOSEPH WYATT HANO                                                    DEFENDANT

OPINION

Presently before the Court is the Defendant's motion to dismiss Count One of the Superseding Indictment [24]. The Government has filed a response in opposition to the motion. The matter is now ripe for review. Upon due consideration, the Court finds the motion is not well taken and should be denied.

On February 11, 2026, a federal grand jury returned a three-count superseding indictment against the Defendant for attempting to produce and producing, possessing, and distributing visual depictions of a minor engaging in sexually explicit conduct [16]. As for Count One specifically, the government alleges that the Defendant took four photographs of what appears to be a young female, with the focus on the private area. No visual depiction of nudity appears in the photographs.

The Defendant moves to dismiss Count One of the Superseding Indictment, which charges the Defendant with using and attempting to use a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of sexually explicit conduct, asserting that the subject images allegedly produced by the Defendant do not contain sexually explicit conduct and thus do not constitute child pornography.

Whether a motion to dismiss an indictment under Fed. R. Crim. P. 12(b) should be granted is "contingent upon whether the infirmity in the prosecution is essentially one of law or involves

determination of fact." *United States v. Korn*, 557 F.2d 1089, 1090 (5th Cir. 1977) (quoting *United States v. Miller*, 491 F.2d 638, 647 (5th Cir. 1974) ). A court cannot dismiss an indictment "on a determination of facts that should have been developed at trial." *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987) (citing *Korn*, 557 F.2d at 1090-91). In other words, the Court lacks the authority "to dismiss [an indictment] on the basis of a sufficiency-of-the-evidence defense which raises factual questions embraced in the general issue." *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975).

18 U.S.C. § 2251(a) and (e) make it a crime to use or attempt to use a minor to "engage in ... any sexually explicit conduct for the purpose of producing any visual depiction of such conduct ...." 18 U.S.C. § 2251(a), (e). "Sexually explicit conduct" is defined as, *inter alia*, a "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). A "lascivious exhibition" is "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." *United States v. Steen*, 634 F.3d 822, 828 (5th Cir. 2011) (quoting *United States v. Grimes*, 244 F.3d 375, 381 (5th Cir. 2001)). Courts often use the six factors enumerated in *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), to determine whether a depiction is lascivious. *United States v. McCall*, 833 F.3d 560, 563 (5th Cir. 2016) (citing *Steen*, 634 F.3d at 826). Those factors are:

1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;

2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;

3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;

4) whether the child is fully or partially clothed, or nude;

2

5)      whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; [and]

6)      whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* This list, however, is "not exhaustive and no one factor is dispositive." *Id.*

The Defendant argues that in light of *Steen*, the photographs he is accused of taking are legally insufficient to qualify as sexually explicit conduct or "lascivious exhibitions." In *Steen*, the Fifth Circuit reversed a conviction under § 2251(a) on the grounds that the defendant's surreptitious recording of a minor that incidentally contained nudity was not lascivious. *Steen*, 634 F.3d at 827-28. Here, the Defendant argues that because the surreptitious recording in *Steen* that contained incidental nudity was not lascivious, then the photographs he is accused of taking here — surreptitious photographs that contain no nudity — are likewise not lascivious.

The Court finds that the Defendant reads *Steen* too broadly. "*Steen* did not adopt a special *per se* rule for surreptitious recording cases that requires an affirmative display or sexual act by a minor." *McCall*, 833 F.3d at 564. Further, *Steen* concerned the reversal of a conviction, not the dismissal of a count of an indictment, as the Defendant moves for here.[1] Thus, the Fifth Circuit's holding revolved around numerous factual issues that were developed at trial. The Fifth Circuit reversed the conviction in *Steen* because there was insufficient evidence presented at trial to show that the defendant created a video that brought attention to the minor's genitals in order to elicit a sexual response. The Fifth Circuit noted that the minor's pubic area was not in focus and featured very little in the video. *Steen*, 634 F.3d at 827 ("First the focal point of the visual depiction is not on C.B.'s genitalia or pubic area. Her pubic region is only visible for about 1.5 seconds. Moreover,

---

1      To the extent the Defendant asserts that *Steen's* reasoning extends to a motion to dismiss an indictment because the Fifth Circuit stated that "the case should not have gone to the jury," 634 F.3d at 828, the Court notes a case proceeding to trial and a case being submitted to the jury are two separate things. The *Steen* Court made no indication that the defendant should never have been indicted at all.

the film did not accent the pubic area — to the contrary, the brief seconds the pubic region is visible, it is on the far side of the image's frame."). The Fifth Circuit also noted that there was no other evidence to indicate that the defendant was sexually attracted to minors or intentionally set out to film a nude minor. As the Fifth Circuit later explained regarding the holding in *Steen*:

> In addition to the video, we considered the other videos on the defendant's camera, which did not feature minors; the contents of his computer, which revealed only adult pornography; that he did not position or direct the victim to expose her genitals; that he did not upload the specific video to his computer or attempt to distribute it; and his lack of criminal history. Those factors showed that the defendant at most intended to excite the viewer based on voyeurism, not the display of a minor's genitals.

*United States v. Barry*, 634 Fed.Appx. 407, 414 (5th Cir. 2015) (citing *Steen*, 634 F.3d at 825, 828).

The Defendant in the case *sub judice* does not address the fact that he is not only charged with a completed violation of § 2251(a) but also with an attempted violation under subsection (e). Whether the subject photographs are actually lascivious is irrelevant to whether the Defendant has attempted a violation of § 2251(a); the only question is whether or not he was "trying to produce a visual depiction . . . intending to elicit a sexual response." *United States v. Johnson*, 639 F.3d 433, 439 (8th Cir. 2011); *United States v. Rider*, 94 F.4th 445, 459 (5th Cir. 2024). The Court cannot determine what the Defendant intended without seeing the evidence. For that reason alone, the Defendant's motion should be denied.

Further, the Defendant's argument regarding the completed crime also requires the consideration of evidence presented at trial. To determine whether a depiction is lascivious requires analyzing both the depiction itself and whether the creator intended to elicit a sexual response out of the depiction. Those findings must be drawn from evidence presented at trial. "The court 'simply cannot approve dismissal of an indictment on the basis of predictions as to

4

what the trial evidence will be.' " *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001). Rather, the Court must allow the government "to marshal and present its evidence at trial, and have its sufficiency tested by a motion for acquittal." *Id.* Accordingly, the Defendant's present motion to dismiss Count One of the Superseding Indictment must be denied. See, e.g., *United States v. Wilbanks*, No. 1:18CR00064-GHD-DAS, 2018 WL 3076736, at *1–3 (N.D. Miss. June 21, 2018).

For all the foregoing reasons, the Court finds that the Defendant's motion [24] to dismiss Count One of the Superseding Indictment should be denied.

A separate order in accordance with this opinion shall issue this day.

THIS, the ___ day of July, 2026.

_____
SENIOR U.S. DISTRICT JUDGE